IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL MCCUAN,** | |
| **Plaintiff,** | |
| v. | Case No. 24-CV-02173-SPM |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Daniel McCuan filed this action on September 16, 2024. (Doc. 2). On November 1, 2024, the transcript of the administrative record was submitted. (Doc. 11). On that same date, the Court entered a Social Security Briefing Schedule with plaintiff's brief due by December 1, 2024. (Doc. 13). A notation on the docket indicates that plaintiff was sent a copy of the briefing schedule on November 1, 2024, and there is no notation that it was returned.[1]

On January 24, 2025, this Court entered an Order to Show Cause, ordering the Plaintiff to show cause by February 14, 2025, as to why his brief had not been filed. (Doc. 14). A notation on the docket indicates that this order was sent to Plaintiff, and there is no indication that it was not received.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to

---

[1] The law presumes that a properly mailed item was received by the addressee. *See e.g., Hagner v. United States*, 285 U.S. 427, 430 (1932); *In re Nimz Transportation, Inc.*, 505 F.2d 177, 179 (7th Cir. 1974).

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

The response deadline has expired and McCuan has neither communicated with the Court nor filed his brief. The Court will not allow this matter to linger any longer. The action shall be dismissed with prejudice, based on McCuan's failure to file a timely brief, failure to seek additional time to file said brief, and failure to respond to the Order to Show Cause. By all indications, McCuan has abandoned this action. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If McCuan wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED R. APP. 4(a)(1)(A). If McCuan

does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. See FED R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:   February 18, 2025**

*s/ Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**